Decided January 21, 1908.

## OREGON ELEC. RY. CO. *v.* TERWILLIGER LAND CO.

[93 Pac. 334; 93 Pac. 930.]

EMINENT DOMAIN—PAYMENT OF AWARD—WAIVER OF APPEAL.

1. Section 5102, B. & C. Comp., provides that on payment into court of the damages assessed in condemnation proceedings, the court shall give judgment appropriating the lands in question. Section 5103 authorizes either party to appeal, but that the appeal shall not stay the proceedings so as to prevent the corporation from taking possession of the lands, Section 5105 declares that if the judgment is reversed and a new trial had, and at the second trial the jury assesses more damages than before, judgment shall be given in favor of defendant for the excess, and Section 5106 provides, that if defendant accept the damages paid to the clerk, he waives his right of appeal, and, if he does not, such sum shall remain to abide the event of the appeal, and shall be invested for the benefit of whom it may concern. *Held,* that where, after judgment, plaintiff paid the damages awarded into court, and took possession of the land, its right to appeal from the judgment on the award and from the court's order directing the payment of such deposit to the owner of the land, was waived.

COSTS—COSTS ON APPEAL—TAXATION—OBJECTIONS—VERIFICATION.

2. Where on taxation of costs on appeal, the right to recover a certain item is practically admitted, but the reasonableness of the amount is disputed, the amount not being fixed by law, it would seem that the objection should be verified; but, where the right to recover an entire item is disputed, the objection is in the nature of a demurrer, and is sufficient without verification.

COSTS ON APPEAL BEING DISMISSED.

3. Where, after judgment in condemnation proceedings, plaintiff lost its right to appeal by paying the damages and taking the possession of the premises, defendant, who had knowledge of such fact, and moved to dismiss the plaintiff's appeal therefor, was not entitled to recover costs of additional brief and abstract, incurred after such knowledge.

From Multnomah: ARTHUR L. FRAZER, Judge.

The Oregon Electric Railway Co. commenced a proceeding against the Terwilliger Land Co., a corporation, to condemn certain lands for a railroad right of way. A judgment was rendered on a verdict assessing the amount of defendant's damages, from which the plaintiff appealed, after depositing the amount specified by said judgment into court, and also appealed from an order of the court, made on motion of defendant, directing the clerk of said court to forthwith pay the money so deposited, to the South Portland Improvement Co., the owners at that time of the land over which the right of way had been secured.

Respondent now moves to dismiss both appeals. Allowed.                   BOTH APPEALS DISMISSED.

*Mr. A. E. Clark* for the motion.

*Mr. Wirt Minor* contra.

MR. JUSTICE MOORE delivered the opinion of the court.

This is a motion to dismiss two appeals. A statutory proceeding, analogous to an action at law, was commenced by the Oregon Electric Company, a corporation, against the Terwilliger Land Co., a corporation, to condemn a strip of land sixty feet in width over and across certain lots in the city of Portland. A supplemental complaint was filed in which it was stated that, after the proceedings were instituted, the defendant

conveyed the land described in the complaint to the South Portland Improvement Co., a corporation, which latter artificial being was, by order of court, made a party defendant. The answers admitted most of the allegations of the complaint, but averred, *inter alia*, that the true value of the land and the damage which would result from the taking thereof was $65,000. The replies put in issue the allegations of new matter in the answers, and the cause having been tried, a verdict was returned June 15, 1907, to the effect that the plaintiff was entitled to appropriate the land specified, upon the payment to the South Portland Improvement Co. of $27,745, which sum was found by the jury to be the measure of the damages sustained. Five days thereafter, the money so awarded was paid into court, upon the deposit of which a judgment was rendered on the verdict, and the plaintiff immediately appealed. The court on July 24, 1907, on the defendants' motion, ordered the clerk forthwith to pay to the party adjudged to be entitled thereto, the money so deposited, from which determination the plaintiff took another appeal.

1. It appears from the undisputed affidavits filed in this court on the part of the defendants that, after the judgment of condemnation was given, the plaintiff took and retained possession of the land, and built thereon a railroad which it is using for its own purposes, and that, pursuant to the order of the court, the South Portland Improvement Co. received from the clerk the money so deposited. The defendants' counsel, in support of the motion interposed, invoke a clause of the organic law of this state which declares: "Private property shall not be taken for public use, nor the particular services of any man be demanded, without just compensation; nor except in case of the state, without such compensation first assessed and tendered (Const. Or. Art. 1, § 18); and insist that, when the plaintiff left with the clerk the sum of money assessed as damages,

the deposit was a voluntary payment of the award, whereby the South Portland Improvement Co. became immediately entitled thereto, and that the plaintiff, having taken possession of the land and built its railroad thereon, thereby accepted all the benefits that could be obtained from the adjudication and waived its right to appeal therefrom. The plaintiff's counsel, disputing these propositions, maintain that the fundamental law of Oregon, which asserts that "no person's property shall be taken by any corporation, under authority of law, without compensation being first made or secured in such manner as may be prescribed by law" (Const. Or. Art. 11, § 4) permits the remuneration for private property when taken for a public use by any corporation to be secured; that the enactments adopted conformable to the superior rule, authorizing such compensation, when assessed by a jury as damages, to be deposited in court, is intended to secure the payment of the award; and that the statute expressly grants to a plaintiff corporation the right to appeal from a judgment appropriating land, and also confers authority to take possession of the premises, notwithstanding a stay of proceedings may have been executed.

The legislative act referred to, so far as deemed involved herein, contains the following clauses:

"Upon the payment into court of the damages assessed by the jury, the court shall give judgment appropriating the lands, property, rights, easements, crossing, or connection in question, as the case may be, to the corporation, and thereafter the same shall be the property of such corporation": B. & C. Comp. § 5102.

"Either party to the action may appeal from judgment therein, in like manner and like effect as in ordinary cases; but such appeal shall not stay the proceedings so as to prevent such corporation from taking such lands into possession, and using them for the purposes of the corporation, or from proceeding to exercise the right, enjoy the easement, or make the crossing or connection condemned": B. & C. Comp. § 5103.

"If a judgment in such action be reversed, and a new trial had, and at such second trial the jury assesses the damages of the defendant at a greater sum than before, the court shall, in addition to the judgment appropriating the land, right, easement, crossing, or connection as provided in Section 5102, give judgment in favor of the defendant for such excess": B. & C. Comp. § 5105.

"If the defendant accept the damages paid to the clerk, he waives his right of appeal, and if he do not, such sum shall remain in the control of the court, to abide the event of the appeal, and if the defendant or unknown owner of the land do not appear and claim the same, it shall be invested for the benefit of whom it may concern, as in case of unclaimed moneys in the sale and partition of lands": B. & C. Comp. § 5106.

In case a judgment of condemnation is reversed and a new trial ordered, the statute makes no provision that judgment shall be given in favor of the plaintiff for the excess of the money which it has paid into court, if, at a subsequent hearing, the jury assess the defendant's damages at a less sum than was awarded to that party at a prior trial. It will be remembered that Section 5102, B. & C. Comp., provides that, when the damages assessed in the manner indicated have been paid into court, a judgment shall be given appropriating the lands to the plaintiff corporation, "and thereafter the same shall be the property of such corporation." It would seem from this clause that the right to the land or easement was thus forever transferred. The property, however, is held by a plaintiff corporation so long apparently as the judgment remains unreversed, for a perusal of Section 5105, B. & C. Comp., would seem to indicate that, in case a new trial is had, the court is required to give another judgment of condemnation. It would thus appear that, while a party to a judgment may appeal from some specified part thereof (B. & C. Comp. § 549), the questions of law appearing upon the transcript may be reviewed (B. & C. Comp. § 555), and the judgment reversed or modified in the respect men-

tioned in the notice of appeal, and not otherwise (B. & C. Comp. § 556), and that on a reversal of a judgment of condemnation the cause is remanded for retrial on all the issues. It is quite probable that a recognition of such assumed consequences prompted the plaintiff's counsel to specify in the notice of appeal that a review of the entire judgment was sought, and not that part of it which expressed the measure of damages awarded.

The right to take an appeal from a judgment of condemnation is expressly granted by the legislative assembly to a plaintiff corporation: B. & C. Comp. § 5103. An examination of the clause contained in that section of the statute, "but such appeal shall not stay the proceedings so as to prevent such corporation from taking such lands into possession," etc., would seem to denote that the right of a plaintiff, after securing a judgment of condemnation, to use the lands for the purposes of the corporation, notwithstanding a stay of proceedings, is limited to appeals taken by a party defendant. An undertaking on appeal does not stay the proceedings, unless, in addition to the appellant's stipulation to pay all damages, etc., that may be awarded against him on the appeal, he further engage, if the judgment be for the recovery of the possession of real property, that during his possession thereof he will not commit, or suffer to be committed, any waste thereon, and that, if the judgment or any part thereof be affirmed, he will pay the value of the use and occupation of such property, so far as affirmed, from the time of the appeal until the delivery of the possession thereof: B. & C. Comp. § 550.

The section of the statute last mentioned also declares that, to secure a stay of proceedings under a judgment given for the recovery of money, the undertaking, in addition to the prior stipulations adverted to, must furthur provide that the appellant will satisfy the judgment, so far as it is affirmed. In the case at bar the judgment given was based upon a recovery of money,

the sum of which was paid into court before an appropriation of the land was granted, and the undertaking given by the plaintiff, on the first appeal, contains the necessary stipulations to show that it was designed to prevent the defendants from securing the money so deposited until the appeal could be heard and determined in this court. The undertaking on appeal, specified in Section 5103, B. & C. Comp., when executed as a stay of proceedings, was evidently not designed to interdict an appellant in any manner, but to restrain a respondent from taking advantage of the provisions of a judgment. The undertaking mentioned, when given to stay proceedings under a judgment of condemnation, regardless of which a plaintiff corporation may take possession of the land or easement specified, is, in our opinion, the undertaking executed by a party defendant. The only provision made by statute for securing the payment of the award is to be found in Section 5106, B. & C. Comp., to the effect that, if the defendant or unknown owner of the land do not appear and claim the money, it shall be invested for his benefit.

If Section 4, Article 11, of the Constitution is applicable to condemnation proceedings, when instituted by a railway company, the legislative assembly has failed to prescribe the manner whereby the compensation of land taken for a public use may be "secured." In the absence of such enactment, we think a fair construction of the several provisions of the statute quoted warrants the conclusion, that when a plaintiff corporation pays into court the damages awarded as the measure of the injury sustained, and thereupon secures a judgment of appropriation, it cannot, after taking possession of the land, prosecute an appeal from the judgment under which the use of the premises for the purposes of the corporation has been secured, though the necessary undertaking for a stay of proceedings may have been given. By voluntarily accepting the benefits of the

judgment, the plaintiff herein, like any other appellant, waived its right to appeal from the adjudication rendered: *Moore* v. *Floyd,* 4 Or. 260; *Portland Construction Co.* v. *O'Neil,* 24 Or. 54 (32 Pac. 764) ; *Bush* v. *Mitchell,* 28 Or. 92 (41 Pac. 155) ; *Jacksonville School Dist.* v. *Crowell,* 33 Or. 11 (52 Pac. 693) ; *Moores* v. *Moores,* 36 Or. 261 (59 Pac. 327).

It is unnecessary to consider the second appeal, for, if the first cannot be maintained, the other is equally unavailing.

The motion is therefore allowed, and both appeals will be dismissed.     DISMISSED.

---

Decided February 18, 1908.

## ON MOTION TO RETAX COSTS.

MR. JUSTICE MOORE delivered the opinion of the court.

2. This is a motion to retax costs. The appeals herein were dismissed, whereupon defendants' counsel filed a bill of the costs and disbursements, incurred by their clients in preparing for trial in this court. An objection to the items for printing an additional abstract and a brief, $9.10 and $78, respectively, having been sustained by our clerk, his action is sought to be reviewed in this summary manner. The defendants' counsel insist that, as the objections were not verified, the items mentioned were improperly rejected, and should now be allowed.

3. The rules of this court (35 Or. 587) were amended July 25, 1907 (50 Or. 583-4) in respect to the taxation of costs, thereby changing in most particulars the decisions heretofore rendered on that subject. When the right to recover an item of disbursements is practically admitted by the adverse party, who disputes the reasonableness of the charge, the objection interposed ought to state that not more than a specified sum of money should be allowed; and it would seem that in such case the objection should be verified, because the value or the measure, not being fixed by law, must be determined

upon affidavits as a question of fact. When, however, an entire item is challenged on the ground that the charge is unwarranted, the exception is in the nature of a demurrer, which presents a legal question, and we are unable to perceive why the objection in such case should be verified. In the case at bar the objections contest the right of the defendants to collect any sum of money on account of the items charged, and, upon principle, are sufficient, without verification.

4. The transcript shows that it was filed in this court September 30, 1907, at which time the defendants knew that plaintiff had taken possession of the real property condemned, and built a railway thereon. If it were not for the rule firmly established by repeated adjudication of this court, that jurisdiction of the subject-matter cannot be waived by the parties, the filing of an additional abstract or brief by a respondent should be deemed such a relinquishment of his right as to entitle an appellant to have his cause heard on the merits. Though this cannot be done under our practice, no party respondent should be permitted to recover any item of disbursement incurred after the trial of the cause in the lower court, when his motion to dismiss an appeal for want of jurisdiction is sustained. A few days after the transcript herein was filed, this court was in session, and could then have heard the motion to dismiss the appeal as well as at any other time. The defendants became liable for the expense of printing the abstract and the brief, after they knew the existence of the facts which they successfully invoked to defeat the trial of the appeals; and, this being so, they are not entitled to recover the sums demanded therefor.

The action of the clerk in rejecting the items is approved.

DISMISSED: MOTION TO RETAX COSTS DISALLOWED.