Argued March 21, affirmed April 9, 1918.

## PORTLAND & O. C. RY. CO. *v.* McGRATH.

### (171 Pac. 1181.)

**Eminent Domain—Requisites and Entry of Judgment.**

1. Under Section 6866, L. O. L., providing upon the payment into court of the damages assessed by the jury in proceedings for condemnation of land the court shall give judgment appropriating the lands to plaintiff, the plaintiff, after verdict, may elect whether it will pay for and take the property.

**Eminent Domain—Enforcement of Award and Judgment.**

2. Where, after verdict for plaintiff in proceedings for condemnation of land, plaintiff took possession of premises, and made no offer to surrender possession, it elected to accept the benefits of the verdict, and a judgment entered on the verdict against plaintiff for the award was proper.

**Eminent Domain—Due Process of Law—Constitutional Provisions.**

3. Under Article I, Section 10, of the Constitution, providing that every man shall have remedy by due process of law for injury done him and his property, where, after verdict for plaintiff in proceeding to condemn land, plaintiff has taken possession of such land, the defendant has the right to have judgment entered for amount of verdict and execution allowed.

**Eminent Domain—Condemnation Proceedings—Review.**

4. Under the provision of Article VII, Section 3, of the Constitution, that if the judgment appealed from is such as should have been rendered in the case it should be affirmed, where the record upon appeal by plaintiff in a proceeding for the condemnation of land does not disclose any benefit to plaintiff by requiring defendants to submit to another trial, the case will be affirmed.

From Multnomah: JOHN P. KAVANAUGH, Judge.

Department 2.

This is an action brought in 1916 for the condemnation of a right of way over the land of defendants.

Issues were joined and a trial had on October 25th of
that year.   A verdict was returned finding that it was
necessary for the plaintiff to acquire the land for rail-
road purposes and assessing defendants' damages at
$958.33.   Formal order on the verdict was entered
November 14, 1916.   After the action was brought
plaintiff, by virtue of some understanding that there
would be no trouble, entered upon and appropriated
the right of way and constructed and commenced the
operation of its railroad across the land.   In Decem-
ber, 1916, defendants moved the court for judgment
against the plaintiff upon the verdict for the amount
thereof.   This motion was supported by affidavit
showing the facts of possession and appropriation
above stated.   The matters were not controverted.
In opposition to the motion an affidavit was filed show-
ing that the plaintiff was dissatisfied with the amount
fixed as damages and that it was attempting to secure
a different route for its. road; that if this could be done
for a satisfactory price it was plaintiff's intention to
abandon the course of its line across defendants' land.
There was no surrender of the premises or offer to
surrender, nor any declaration of intention to do so.
Upon the hearing on December 23d, the court entered
a judgment against the plaintiff for the amount of the
verdict, of which plaintiff complains.   AFFIRMED.

No oral argument for appellant; there was a brief
submitted over the names of *Mr. Julius N. Hart* and
*Mr. J. Harold Hart*.

For respondents there was a brief over the name of
*Messrs. Clark, Skulason & Clark,* with an oral argu-
ment by *Mr. Malcolm H. Clark*.

BEAN, J.—1, 2. The statute provides that upon pay-
ment into court of the damages assessed by the jury,

the court shall give judgment appropriating the lands, property, rights, easements, crossing, or connection in question, as the case may be, to the corporation: Section 6866, L. O. L. In a proceeding of this kind, after a verdict assessing the damages has been obtained, it is for the plaintiff to elect whether it will pay for and take the property for a right of way: *Oregonian Ry. Co.* v. *Hill,* 9 Or. 377. The proper judgment was entered on the verdict after the trial, as prescribed in the opinion in *Oregon R. & N. Co.* v. *Taffe,* 67 Or. 102 (134 Pac. 1024, 135 Pac. 332, 515). If the plaintiff elects to take the land, can it complain by reason of the order being reversed and instead of "paying and taking" it "takes and then pays" for the property? Concededly, the taking possession of the desired premises, the construction of a line of railroad thereon, the retention of the same and the operation of the road without any offer to surrender the possession of the land so taken must be considered as the exercise of an option to accept the benefits of the award made by the jury.

3. The Constitution of this state, Article I, Section 10, provides that every man shall have remedy by due course of law for injury done him in his property. The amount of the injury to plaintiff's land has been fixed by a verdict. No evidence is contained in the record and we cannot assume that the amount is excessive. There is no dispute that the right of way has been utilized. There then remained nothing to be done in the ordinary course of procedure except to enter judgment for the amount and allow execution: *Peoria etc. Ry. Co.* v. *Mitchell,* 74 Ill. 394, 398; *Bellingham Bay etc. R. Co.* v. *Strand,* 14 Wash. 144 (44 Pac. 140, 46 Pac. 238); *Witt* v. *St. Paul & N. P. Ry. Co.,* 35 Minn. 404 (29 N. W. 161); *Wilcox* v. *St. Paul & N. P. Ry. Co.,* 35 Minn. 439 (29 N. W. 148); *Wood* v. *Trustees of*

*State Hospital for Insane,* 164 Pa. St. 159 (30 Atl. 237) ; *Roberts* v. *N. P. R. R. Co.,* 158 U. S. 1 (39 L. Ed. 873, 15 Sup. Ct. Rep. 756).

The judgment of the lower court recites, among other things,

"that at the conclusion of the argument upon said motion, upon being informed by the court that judgment would be entered against the plaintiff pursuant to said motion unless the plaintiff tendered surrender of possession of said property to the defendants, counsel for plaintiff thereupon stated in open court that plaintiff was not willing or prepared to do so at this time, and that he was not prepared to state that plaintiff would at any time surrender possession."

The judgment of the court on condemnation of property for public use is conditional, depending on the payment of the damages found, and the party seeking condemnation acquires no vested right until such payment is made or the sum deposited, and the rights of the parties are reciprocal, so that the property owner has no vested right in the damages found by the jury until the same is paid or deposited. If the property, however, is taken or damaged by the owner's consent before compensation is made, the owner will then have a vested right in the compensation when ascertained: *The City of Chicago* v. *Barbian,* 80 Ill. 482.

It is said in 19 Cyc., p. 937 (b) :

"The condemnation proceedings may be dismissed or abandoned at any time prior to final judgment, or final confirmation of the report of the commissioners or appraisers appointed to assess damages or compensation, or before the compensation has been paid or deposited in the manner provided by law, or the right of the property owner to compensation has otherwise become vested. The proceeding may be abandoned even after the damages are assessed, and a reasonable opportunity should be given, after the price of the land

is fixed, for the petitioner to reject the award and abandon the proceeding.''

4. The record before us does not disclose that any benefit would be obtained by requiring defendants to submit to another trial for the purpose of obtaining the damages to their land, except the advantage that might be gained by plaintiff of having the defendants' compensation reassessed or a retrial of the identical question passed upon by the jury. Substance should not be sacrificed for form.

Under Article VII, Section 3, of our Constitution, if the judgment of the court appealed from is such as should have been rendered in the case, it should be affirmed. No error appearing in the record the judgment of the lower court is affirmed.          AFFIRMED.

McBRIDE, C. J., MOORE and McCAMANT, JJ., concur.