Argued January 29, reversed and remanded April 9, petition
for rehearing denied April 30, 1958

## STATE HIGHWAY COMMISSION *v.* VELLA

323 P. 2d 941

*John C. McLean*, Salem, argued the cause for appellant. With him on the briefs were Robert Y. Thornton, Attorney General, C. W. Enfield, Assistant Attorney General, Leonard I. Lindas, and Ralph Wyckoff, all of Salem.

*Hugh B. Collins* and *Paul W. Haviland*, Medford, argued the cause for respondents.

Before PERRY, Chief Justice, and LUSK, WARNER and KESTER,* Justices.

LUSK, J.

The plaintiff, the State of Oregon, by and through its Highway Commission, brought this action to condemn for highway purposes a strip of land (a part of a larger tract) owned by the defendants, Thomas Vella and Jane Doe Vella, husband and wife, and located in Central Point, Jackson County, Oregon. There were other parties defendant but they are no longer in the case. The land taken measures 680 feet by 22 feet, an area comprising .34 of an acre. Plaintiff alleged that the cash market value of the property sought to be taken, including the depreciation of the defendant's remaining property, was not in excess of $7500. Defendants claimed that their total damage was $21,411.40. The jury fixed the amount of the compensation to which defendants were entitled at $20,171.40, and the court, to which the question of a reasonable attorneys' fee was submitted by stipulation of the parties, allowed a fee of $3,000. Plaintiff has appealed.

---

* Resigned March 1, 1958.

We are met at the outset with a motion of the defendants to dismiss the appeal based on the ground that notice of appeal was not given within the time required by the statute. ORS 19.030 (2). This motion was denied October 19, 1955, before the case was at issue, with leave, however, to renew it at the hearing. It has been renewed.

The record is as follows: The verdict was returned on March 10, 1955. Thereafter the clerk prepared and mailed to the presiding judge, the Honorable Louis E. Starr, judge pro tempore, at his home in Portland, an instrument entitled "Order on Trial and Verdict" on a printed form, the blanks in which had been filled in by the clerk with a transcription of the verdict of the jury and a judgment for the amount awarded to the defendants. In form, and having no regard to the special character of the proceeding, it is a valid judgment. The instrument was signed by the judge and mailed back by him to the clerk, who received it on March 15, 1955, and stamped it filed March 15, 1955. But the clerk then altered the filing date with ink so as to make it appear as March 10, 1955.

On March 16, 1955, the purported judgment was entered in the journal of the circuit court. On the same day counsel for the defendants, having no knowledge of the facts just recited, served on counsel for plaintiff a copy of proposed findings of fact and conclusions of law and a copy of a proposed judgment. On March 17, 1955, Judge Starr signed said instruments. They were filed March 19.

The judgment of March 17, 1955, is the judgment from which this appeal has been taken. Notice of appeal was served on counsel for the defendants on May 11, 1955, and filed with the clerk of the circuit court on May 12, 1955. As that was more than 60 days

after March 10, 1955, the day on which, according to the defendants, the only valid judgment was entered, it is urged that the notice of appeal came too late to confer jurisdiction on this court.

■ We judge from the affidavits before us that it is the clerk's view that the statute which provides that a judgment shall be entered on the day the verdict is given (ORS 18.040) is as inexorable as the laws of the Medes and the Persians. But that section is directory, not mandatory, and failure to comply with it is not fatal, *Fisher v. Portland Ry., L. & P. Co.*, 77 Or 529, 531, 151 P 735; *Skelton v. Newberg*, 76 Or 126, 136-137, 148 P 53; and, even were it otherwise, the clerk would have no authority to alter a true filing date for the purpose of showing that a duty was performed on a day other than the day of actual performance.

Quite apart from the fact that in no event could the earlier judgment, if such it was, be accorded any date other than that of its actual filing, we think that the motion was properly denied because the judgment signed March 17, 1955, is the only judgment which conforms to the requirements of the statute governing state highway condemnation proceedings.

The point is settled by *Oregon R. & Nav. Co. v. Taffe*, 67 Or 102, 134 P 1024, 135 P 332, 135 P 515. The applicable statute provided: "Upon the payment into court of the damages assessed by the jury, the court shall give judgment appropriating the lands, property rights, easements, crossing, or other connection in question, as the case may be, to the corporation, and thereafter the same shall be the property of such corporation." LOL § 6866. It was held that, since the plaintiff is guaranteed the right of appeal and payment of the damages found by the court might well

be deemed a waiver of the right (see *Oregon Elec. Ry. v. Terwilliger L. Co.*, 51 Or 107, 93 P 334, 93 P 930), the proper form of judgment is "one adjudging the award of damages found by the jury, if the court deems the verdict sufficient, as the amount of just compensation awarded to defendant to be paid by the petitioner for the property sought to be condemned, and that thereafter, when the petitioner shall have paid the money into court, the judgment provided for by Section 6866 shall be entered." 67 Or at 111.

ORS 366.380 (5), which is a part of the statutes relating to the condemnation of real property for highway purposes, is similar to the statute involved in the Taffe case. It reads:

"Upon payment into court of the damages assessed by the jury, the court shall give judgment appropriating the lands, property, rights, easements or interests in question to the state; and thereafter the same shall be the property of the state absolutely and may thereafter be used for any public purpose."

Subdivision (6) of the same section provides that "Either party to the action may appeal from judgment in like manner and like effect as in ordinary cases * * *." The judgment referred to is obviously a judgment containing provisions set forth in Subdiv. (5).

The judgment filed March 15, 1955, does not comply with the provisions of this statute under the interpretation which this court placed upon the similar statute in the Taffe case, and it was not, therefore, a valid judgment. The judgment signed March 17, 1955, conforms to the statute and is a valid and proper judgment from which the plaintiff could appeal.

■ We, therefore, adhere to our previous decision denying the motion to dismiss the appeal.

On the merits plaintiff has assigned three rulings of the court as error, one of which was waived at the hearing.

Exception was taken by the plaintiff to the following instruction given by the court:

"You may also take into consideration in determining the damage to the defendants the depreciation of the fair market value of the property remaining because of such taking by the State, which includes any detriment suffered by the defendants, if you so find there was detriment, to the operation of the business upon the property remaining."

The exception was based on the ground that "the measure of damages in an eminent domain proceeding does not include any detriment to the operation of the business on the property."

Defendants' lands abutted on the Pacific Highway, otherwise known as State Highway No. 1, U. S. Route No. 99. The strip involved was taken for the purpose of widening the highway. The land was used by the defendants for the operation of a creamery and a drive-in restaurant, and the taking curtailed parking areas for trucks and passenger automobiles with consequent inconvenience in the conducting of these enterprises. There was evidence also that these businesses had suffered loss of revenue since the taking. It was to this set of facts that the challenged instruction referred.

■ We think that the instruction was erroneous and ground for reversal.

■ In a condemnation proceeding the measure of damages is the actual cash market value of the land taken and the depreciation in market value of that portion of the tract not actually taken. *State Highway*

*Com. v. Burk*, 200 Or 211, 238-239, 265 P2d 783, and cases cited.

█ We deal here with depreciation in market value of the portion of the tract not taken, sometimes called severance damages. Loss of trade or business is not an element of such damages. This is because, as stated in *People v. Ricciardi*, 23 Cal2d 390, 396, 144 P2d 799, "* * * it is only the value of, and damage to, the property itself, which may be considered. A particular business might be entirely destroyed and yet not diminish the actual value of the property for its highest and best use." See, also, *City of Oakland v. Pacific Coast Lumber Co.*, 171 Cal 392, 398, 153 P 705; *City of Los Angeles v. Geiger*, 94 Cal App2d 180, 191, 210 P2d 717; *State v. Carrow*, 57 Ariz 429, 433, 114 P2d 891; *City of Denver v. Bayer*, 7 Colo 113, 128, 2 P 6; *Henderson v. City of Lexington*, 132 Ky 390, 414, 111 SW 318; *Schuylkill Nav. Co. v. Thoburn*, 7 Serg & R (Pa) 411, 421; *Joslin Mfg. Co. v. Providence*, 262 US 668, 675, 43 S Ct 684, 67 L ed 1167; 4 Nichols, Eminent Domain (3d ed) 274; 29 CJS 1031, Eminent Domain § 162; 18 Am Jur 899, Eminent Domain § 259.

█ This is not to say that inconvenience caused the owner of the land in the operation of a business conducted thereon may not be a proper subject of consideration insofar as it may affect the market value of the remaining property. The rule is well stated in 29 CJS 1033, Eminent Domain § 163:

"While some authorities hold that inconvenience is too speculative, unsubstantial, and visionary a matter to be considered in computing damage, the general rule is that, where land is taken, all such matters as, owing to the location of the improvement, may affect the convenient use and future enjoyment of the property retained are proper for consideration, not as in themselves elements of

damages, but as affecting the market value of the land."

See *Coos Bay Logging Co. v. Barclay*, 159 Or 272, 290, 79 P2d 672. But, as the section of CJS from which we have quoted states, "no inconvenience to the owner which does not enter into the market value of the property taken should be included in the damages assessed."

These principles are not disputed by counsel for the defendants, but they say, first, that the instruction refers only to a depreciation in the value of the land for its highest and best use. They base this interpretation upon the fact that the court had previously charged the jury that they should consider the highest and best use of the land for the purpose of determining its value, and that the highest and best use in this case was that to which the land was then being and had theretofore been devoted. We think that the effect of the instruction complained of was to authorize the jury to allow detriment, which means "loss," to the business as a separate element of damage; that this is what it must have meant to the jury; and that nothing else said by the court in the charge, which has been read with care, restrained its obvious meaning.

Secondly, the defendants urge that loss of business became an issue in the case because evidence of such loss was admitted without objection, and, therefore, they say that it was the duty of the court to instruct upon such issue. The answer to this is that, if the court had a duty in this regard, it was to instruct in accordance with the law and not otherwise. *Mathews v. City of La Grande*, 136 Or 426, 435, 299 P 999, on which the defendants rely, illustrates the point, though it does not support defendants' position. In an action against a city for personal injuries sustained by reason of a defective sidewalk, the city (appellant in this court)

assigned error to the giving of the following instruction:

> "No claim has been made by the defendant city that it was without funds with which to repair this sidewalk in question, and whether or not the city was without funds to repair the same is immaterial and no defense."

In disposing of the assignment adversely to the appellant's contention the court said:

> "Appellant claims that there is no issue in the pleadings or evidence that defendant lacked funds with which to make repairs of the sidewalk. The pleadings are silent in this regard, but the transcript of evidence shows that testimony on this question was submitted without objection. It then became the duty of the court to call the attention of the jury to the law covering that phase of the evidence."

■ Here the evidence of injury to the defendants' business was improperly admitted, albeit without objection. "Evidence relating to an improper element of damage is, of course, inadmissible." 29 CJS 1268, Eminent Domain § 274. As in the case of *Mathews v. City of La Grande*, supra, the court should have told the jury to disregard the evidence. Instead, the error was compounded by an instruction which in effect authorized the jury to consider it.

■ Other Oregon cases cited by the defendants stand for the proposition that incompetent testimony admitted without objection is entitled to the same weight and effect as competent evidence. The rule has been applied to an opinion of a witness on the quantum of damage (*Hanns v. Friedly,* 181 Or 631, 642, 184 P2d 855), and to evidence of facts, such as particular personal injuries, not alleged in a complaint (*Gilman v. Burlingham,* 188 Or 418, 426, 216 P2d 252; *Donaghy*

*v. O.-W.R. & Nav. Co.*, 133 Or 663, 698, 288 P 1003, 291 P 1017). But, though the evidence considered in these cases may have been incompetent, it was none the less relevant and material. For a discussion of the distinction see 20 Am Jur 246, Evidence § 253. Here the evidence of business losses was irrelevant to the question of damages. We do not think that the erroneous reception of such evidence, even though without objection, authorizes a court to change established rules of law fixing the measure of recovery in a condemnation proceeding.

Finally, we are asked to affirm the judgment notwithstanding the error under the authority of Art. VII, § 3, Constitution of Oregon, and it is ingeniously argued that there is "no serious conflict" in the testimony respecting damages given by the appraisers for the respective sides. As the estimates of the four appraisers for the plaintiffs ran from a low of $6,751 to a high of $9,200, while that of the defendants' appraiser was $21,411.40, we are not convinced, notwithstanding the impressive analysis and juxtaposition of figures in a chart appended to the defendants' brief, that they were in substantial agreement. We think that the question is one peculiarly for determination by a jury of the vicinage under proper instructions as to the law, and must decline to exercise an authority which should be invoked only in cases that are clear and free from doubt. We cannot say that the error was harmless. *State of Oregon v. Cerruti*, 188 Or 103, 116, 214 P2d 346.

The other assignment of error argued relates to the ruling of the court which, over objection, permitted cross-examination by counsel for the defendants of one of the plaintiff's expert witnesses respecting fees paid to him, or to the firm which employed him, by the State Highway Commission for services as appraiser

in other distinct previous cases. Concededly, this was error. *Highway Comm. v. Superbilt Mfg. Co.*, 204 Or 393, 405-407, 281 P2d 707 (decided after this case was tried). Whether the error was ground for reversal need not be determined, but it should be avoided on another trial.

The judgment is reversed and the cause remanded for further proceedings conformable to this opinion.