Argued April 7, motion to dismiss appeal granted April 20, 1966

# STATE BOARD OF HIGHER EDUCATION *v.* SYNOD OF OREGON OF THE UNITED PRESBYTERIAN CHURCH

413 P. 2d 428

Phillips, Coughlin, Buell & Phillips, Jarvis B. Black and Warren Hastings, Portland, for the motion.

Robert Y. Thornton, Attorney General, Salem, and Wolf von Otterstedt, Assistant Attorney General, Eugene, contra.

Before PERRY, Presiding Justice, and SLOAN, HOLMAN, LUSK and SCHWAB, Justices.

PERRY, J.

The State of Oregon by and through the State Board of Higher Education brought this action to condemn certain real property of the defendant. Judgment was entered in favor of the defendant and the plaintiff appealed.

The defendant filed a motion to dismiss the appeal on the ground that the plaintiff had fully satisfied the judgment rendered in the circuit court and thereby waived its right of appeal. This motion was filed July 26, 1965, and denied September 28, 1965, with leave to renew upon oral argument. On oral argument April 7, 1966, the motion was renewed.

The record discloses that on April 29, 1964, the plaintiff filed its complaint alleging the reasonable market value of the property to be $62,000. On May 13, 1964, plaintiff filed its affidavit and motion for immediate possession of the real property. There was deposited into court by the plaintiff the sum of $62,000, and on May 13th the trial court entered its order granting the plaintiff immediate possession. The defendant filed its answer alleging the property to have a reasonable market value of $85,000. The issue of value was tried to the trial court on December 28, 1964; the trial court entered its findings of fact determining that the market value of the property was $73,000, and in its conclusions of law concluded that defendant was

entitled to a judgment of $73,000, with interest at 6% on the balance due over and above the amount tendered into court, together with attorney's fees and its costs and disbursements.

On January 6, 1965, the trial court entered its final judgment in which is recited the fact "that the plaintiff has paid the full amount of the verdict, together with interest on the excess of the verdict over the amount offered by plaintiff prior to the initiation of condemnation proceedings herein, together with attorney's fees and costs, into the registry of this court," and thereupon decreed that the property, free and clear of all liens and incumberances, should vest in the plaintiff, and that "the balance of all moneys deposited in the registry of this court shall be paid over by the clerk  *  *  *  to the defendant."

Whether or not the payment of the moneys into court by the plaintiff and thereupon obtaining defendant's interest in the property amounts to a waiver of the right to appeal depends upon the construction of the statutes granting the plaintiff the right to condemn.

ORS 351.190 grants to the Board of Higher Education the right of condemnation in accordance with the provisions of ORS 366.375 to 366.390.

ORS 366.375 to 366.390 are a portion of the statutes providing the procedure to be followed by the State Highway Commission in condemnation proceedings. Paragraphs (7) and (8) of ORS 366.380 are as follows:

"(7) Upon the payment into court of the damages assessed by the jury, the court shall give judgment appropriating the lands, property, rights, easements or interests in question to the state; and thereafter the same shall be the property of the

state absolutely and may thereafter be used for any public purpose.

"(8) Either party to the action may appeal from the judgment in like manner and like effect as in ordinary cases, but the appeal shall not stay the proceedings so as to prevent the commission from taking such real property into possession and using it for the purposes for which it is being appropriated."

For all intents and purposes, paragraph (7) of ORS 366.380 is identical with LOL, § 6866, and paragraph (8) is identical with LOL, § 6867. *State Highway Com. v. Vella,* 213 Or 386, 390, 323 P2d 941.

Sections 6866 and 6867 of Lords Oregon Laws in respect to the judgment to be entered after trial are discussed and construed in *Oregon R. & Nav. Co. v. Taffe,* 67 Or 102, 134 P 1024, 135 P 332, 135 P 515. In that case the jury returned a verdict against the condemnor railroad company for a sum in excess of value placed thereon by the condemnor. The plaintiff condemnor tendered into court a decree reading in part as follows:

" 'It is therefore considered, ordered, and adjudged *that on the payment of the said sum of $11,000,* with interest thereon from June 25, 1910, and the costs and disbursements of the defendants the following described real property be appropriated and condemned to the use of the plaintiff.' " (Emphasis ours) *Oregon R. & Nav. Co. v. Taffe,* supra, 67 Or 102, 104.

The defendant condemnee objected on the ground that LOL, § 6866, provided for but a single judgment and such judgment required that the moneys to satisfy the jury's award be paid into court by the condemnor. This the condemnor refused to do on the grounds that to do so would bar its right of appeal. The trial

court refused to enter the judgment, dismissed the action and the condemnor appealed. This court, after stating that "we get but little aid from the decisions of other states, for the reason that there is very little similarity between their statutes on the subject involved and ours," 67 Or 102, 107, held that, while LOL, § 6867, makes a positive provision for either party to appeal, it is doubtful that the condemnor could pay the money into court and appeal, and, therefore, the form of judgment that should have been entered upon the verdict was that tendered by the condemnor.

An examination of the proposed judgment tendered in *Oregon R. & Nav. Co. v. Taffe,* supra, discloses that it is a final judgment which terminates all of the issues between the parties in the condemnation action. First, it recognizes the right of the condemnor to take the property of the defendant; second, it determines the just compensation to be paid the condemnee for the loss of his property; and third, it provides for the transfer of defendant's rights in the property upon satisfaction of the judgment.

The judgment entered in *State Highway Com. v. Vella,* supra, conformed to that proposed in *Oregon R. & Nav. Co. v. Taffe,* supra, and was approved as "a valid and proper judgment from which the plaintiff [state highway commission] could appeal." 213 Or 386, 391.

It is apparent, therefore, that paragraph (7) of ORS 366.380 refers only to the right which a condemnor has to obtain full title to the property upon payment of the amounts determined in the action as just compensation for the taking. It is an option which may be exercised solely by the condemnor.

Under the facts of this case, where the plaintiff

elected to enter into the possession of the property prior to determination of damages, it is probable that its election not to take was waived, but this does not alter the result, since where possession is taken this fact is governed by the language of ORS 366.390. Since paragraph (8) of ORS 366.380 provides that either party may appeal from the judgment entered in the trial court, the language in ORS 366.390, "[w]hen the judgment becomes final, the amount thereof shall be promptly paid," is susceptible only to the construction of complete finalty, that is, after the rights of both parties have been exhausted in the state courts. Were it otherwise the legislature would not have added this sentence, but would have simply provided for payment of the judgment as determined in the trial court and avoided the use of the word "final."

Apparently one purpose of such a provision was to provide that the moneys of the state should not be tied up while the litigation was in progress, and another, that, until the defendant's legal rights had been exhausted, the amount of damages including interest could not be finally ascertained.

Also, although under the provisions of ORS 366.390 the state, after having entered into possession, could not successfully abandon the condemnation proceedings, nevertheless, until such time as the title to the property passes to the state, the option would rest with the owner as to whether he would acquiesce in an attempted abandonment or compel performance. 30 CJS 474, Eminent Domain § 398.

We are, therefore, of the opinion that the payment into the trial court by the plaintiff of the damages assessed thereby transferred to it all of the title and

rights of the defendant in and to the property and litigation, save and except defendant's right of appeal.

"The right to proceed on the judgment and enjoy its fruits and the right of appeal are not concurrent. On the contrary, they are totally inconsistent. An election to take one of these courses is, therefore, a renunciation of the other. Cottrell v. Prier, 191 Or 571, 575, 231 P2d 788; Barnes v. State Industrial Accident Commission, 112 Or 41, 43, 228 P 684; Graves v. State Industrial Accident Commission, 112 Or 143, 148, 223 P 248; Portland Construction Co. v. O'Neill, 24 Or 54, 32 P 764; Moore v. Floyd, 4 Or 260." *Pac. Gen. Contrs. v. Slate Const. Co.*, 196 Or 608, 611, 251 P2d 454.

Since the motion to dismiss must be granted, we do not reach the merits of the appeal.

Motion to dismiss appeal granted.