Argued January 21, affirmed March 23, petition for rehearing
denied April 18, petition for review denied May 31, 1972

## UMATILLA COUNTY, *Respondent, v.*
## STURTEVANT ET AL, *Defendants,* CITY
## OF PENDLETON, *Appellant.*

495 P2d 287

*John E. Walker,* Pendleton, argued the cause and filed the briefs for appellant.

*R. P. Smith,* District Attorney, Pendleton, argued the cause and filed the brief for respondent.

Before LANGTRY, Presiding Judge, and FOLEY and THORNTON, Judges.

LANGTRY, J.

This is a tax foreclosure proceeding initiated by Umatilla County against certain "airport" property owned by the City of Pendleton. The trial court denied defendant's claim for exemption from the tax assessed under ORS 307.120(3). Defendant appeals.

In 1948 the United States government, pursuant to the Surplus Property Act,[1] transferred to de-

---

[1] 50 USC § 1622.

fendant property known as the Pendleton Airport. Included, in adddition to runways, turning pads, and taxiways, was considerable property not directly related to the day-to-day operation of the airport which defendant has since leased or rented to private individuals and corporations,[2] primarily for residential and storage purposes. It is this property upon which plaintiff assessed the property tax in question. Defendant has expended all revenue generated from these rentals solely to maintain the property in question or finance the operation of the airport.

Although defendant raises four assignments of error, its primary contention is that the court erred in holding the following provision of ORS 307.120 inapplicable.

> "Real property owned by any municipality and real and personal property owned by any dock commission of any city or by any port organized under the laws of this state is exempt from taxation to the extent to which such property is:
>
> "* ○ ○ ○ ○
>
> "(3) Used as an airport owned by and serving a municipality or port of less than 75,000 inhabitants."

■ ■ Defendant argues that in cases involving property owned by a public body the statutes specifying tax exemptions are to be liberally construed. While as a general proposition this may be correct, see, for example, *City of Eugene v. Keeney,* 134 Or 393, 398, 293 P 924 (1930), we find no need to resort to rules of construction in this case. When the legislature makes use of plain, unambiguous and understandable language it is presumed to have intended precisely what

---

[2] Lessees are persons or corporations whose real property is taxable. See ORS 307.110(1).

its words imply, and it is our duty to give effect to these words. *Berry Transport, Inc. v. Heltzel,* 202 Or 161, 272 P2d 965 (1954).

■ The operative language of ORS 307.120 in dispute is, "to the extent to which such property is * * * *used as an airport."* (Emphasis supplied.)

Defendant seeks to sustain its right to exemption on the fact that all funds derived from rental of the property in question are *used* for operation of the airport, and, therefore, the property itself should be considered "used as an airport." No extensive grammatical or definitional analysis is necessary to conclude that defendant's argument cannot be supported by the plain language of the statute.[®]

■ Moreover, this argument necessarily embraces a theory of taxation long since rejected by our Supreme Court—that is, the "destination of income" theory. Simply stated, this theory holds it is the destination of income, not the source thereof, which eventually determines the right to exemption. In *Bd. Pub., Meth. Church v. Tax Com.,* 239 Or 65, 396 P2d 212 (1956), the court's opinion reviewed Oregon cases dating back to 1895 which hold that the proper determinant of the right to tax exemption in Oregon law is the *source* of the income.[④]

*Methodist Church* dealt with a claim for exemption by a private corporation. Contrary to defendant's

---

[®] Defendant argues "is used" is employed as a noun or adjective phrase; it is clearly a verb.

[④] *Methodist Church* explicitly rejected federal law which apparently recognizes "destination of income" to some extent. 293 Or 65, 70. Therefore, that the United States government under its laws or agreement with defendant considers the property in question as "airport property" cannot affect our application of Oregon law.

assertions, we think its holding is equally applicable to public bodies, such as municipal corporations. *See Piper v. Meredith*, 83 NH 107, 139 A 294, 296, 55 ALR 148 (1927); *Borough of Moonachie v. Port of N.Y. Auth.*, 38 NJ 414, 185 A2d 207, 214 (1962); *Town of Harrison v. Co. of Westchester*, 13 NY2d 258, 246 NYS2d 593, 196 NE2d 240, 243 (1963); *Moon Township Appeal*, 387 Pa 144, 127 A2d 361, 364 (1956); *City of Cheyenne v. Board of County Com'rs.*, 484 P2d 706, 709 (Wyo 1971); *see generally,* 51 Am Jur 562, Taxation § 575.

The same rule is implicit in ORS 307.110:

"(1) Except as provided in ORS 307.120, *all real and personal property of* this state or any institution or department thereof or of *any county* or *city, town* or *other municipal corporation* or political subdivision of this state, *held under a lease or rented by any person whose real property, if any, is taxable,* except employes of the state, municipality or political subdivision as an incident to such employment, *shall be subject to assessment and taxation* for the true cash value thereof uniformly with real property of nonexempt ownerships.

"* * * * *." (Emphasis supplied.)

In *Holman Tfr. Co. v. Portland et al,* 196 Or 551, 557, 249 P2d 175, 250 P2d 929 (1952), the court commented on this statute:

"The theory behind the legislation, it may be reasonably assumed, is that even publicly owned property should pay its share of the cost of government when in the hands of a private person and devoted to a private use * * *."

■ Defendant makes the general assertion that a denial of exemption here would contravene the express

legislative policy of fostering development and growth of airports in smaller communities (i.e., less than 75,000 inhabitants). While we agree the law reflects such a preference,[9] the question is "how much preference is intended." To this the legislature has provided a clear answer—*"to the extent to which* such property is * * * used as an airport [it is exempt from taxation]." ORS 307.120(3). (Emphasis supplied.)

Affirmed.

---

[9] *Compare* ORS 307.110(2) *with* ORS 307.120(3).

Defendant further contends that the tenor of ORS 492.310-492.390 supports a legislative policy of classifying all the property transferred by the United States government here as one unit, i.e., "an airport." On the contrary, we believe a distinction is drawn between revenue-generating property used in the operation of an airport and property not used in airport operation, the revenue from which, though, supports airport operations. *Compare* ORS 492.360 *with* 492.390(2).