Argued May 30, reversed and remanded July 3, petition for
rehearing denied by opinion August 10, petition for
review denied September 6, 1972

THE PORT OF NEWPORT, *Appellant, v.*
HAYDON, *Respondent.*
498 P2d 825

*Melvin M. Menegat,* Newport, argued the cause and filed the briefs for appellant.

*Roger B. Todd,* North Bend, argued the cause for respondent. With him on the brief were Flaxel, Todd & Flaxel, North Bend.

Before SCHWAB, Chief Judge, and LANGTRY and THORNTON, Judges.

LANGTRY, J.

This appeal is in a condemnation proceeding brought by the Port of Newport to acquire real property owned by defendant Haydon. A previous appeal

in the same case stemmed from an order of the trial court which granted plaintiff's motion for judgment notwithstanding the verdict, set aside a jury verdict of $3,000 and granted judgment against plaintiff for $1,500. We reversed and remanded for a new trial. *Port of Newport v. Haydon,* 4 Or App 237, 478 P2d 445 (1970).

On remand the jury returned a verdict of $18,000 as just compensation for defendant's land. Plaintiff then moved to abandon the cause of action pursuant to ORS 35.105, which motion the trial court denied. Plaintiff appeals from that denial. Plaintiff was in possession of defendant's premises, pursuant to a court order entered December 21, 1967,[1] until the motion to abandon.

The central question here is whether a condemnor which commences a proceeding under ORS ch 35 waives its right to abandon that cause of action by occupying the property pending the action.[2] The

---

[1] ORS 35.050 provides that a plaintiff may move to occupy the premises pending the outcome of the condemnation proceeding. The statute provides that a hearing is to be held when the motion has been filed to determine the probable value of the premises, amount of damages which may accrue, and the equity involved in allowing the motion for immediate occupancy.

The parties in the case at bar stipulated to a waiver of this hearing, permitting plaintiff to occupy the premises "and deposit spoils thereon." No determination was made of the probable damages from this occupancy, and the bond requirement of ORS 35.060 was waived.

[2] Plaintiff raises several other questions concerning alleged errors involving evidence produced at the trial. The judgment order from this trial was entered on July 2, 1971. Plaintiff filed its appeal on December 2, 1971, beyond the 30-day period specified in ORS 19.026 for filing of appeals. This court, therefore, has no jurisdiction to consider those alleged errors.

Plaintiff's appeal from the order denying its motion to abandon the proceedings, entered October 29, 1971, is timely.

primary focus of our inquiry relates to the limitations the legislature has placed on the right to abandon.

Former ORS 35.105 (in effect at the time of this proceeding) provided:

"(1) If an action is abandoned by the plaintiff, the court shall enter judgment in favor of the defendant for his costs and disbursements in the action and for reasonable attorney fees and reasonable expenses as determined by the court.

"(2) Expenses means costs of appraisals and fees for experts incurred in preparing and conducting the defense to the action.

"(3) *The action shall be considered abandoned if the plaintiff files an election not to take the property. If such an election is not filed within 60 days after the verdict, the plaintiff is deemed to have elected to take the property.*" (Emphasis supplied.)

Plaintiff contends that by filing its election to abandon within the 60-day period it has fulfilled the *sole* statutory prerequisite for an effective abandonment, and that its occupation pending the action did not constitute a waiver of the right to abandon the action.

This statute was adopted in 1967. Oregon Laws 1967, ch 479, § 6. Prior thereto, ORS ch 35 made no reference to abandonment, although a similar common law right did exist. The legislative history of ORS 35.105 does not reflect any intent to change the common law conditions of abandonment except for substituting a 60-day limitation for the common law standard of a "reasonable time after the verdict." The main thrust of the legislative action in 1967 was directed at compensating defendants for attorney fees and expenses when the condemnor abandons the cause of action. The enactment of this section alone, therefore, does not indicate a legislative intent to define the conditions for exercising the right of abandonment.

■ Defendant argues that generally the law is contrary to plaintiff's position, quoting from 6 Nichols, Eminent Domain 311, 313-14, § 26.42 (1) (3d ed 1965):

> "Nevertheless, it is generally held that actual possession of property by the condemnor ordinarily precludes discontinuance of the proceeding * * *."

But that section continues:

> "* * * *Such possession, however, must be such as results in a transfer of title to the condemnor and a vested right to compensation in the condemnee.* An unlawful possession, a possession by permission of the owner, *a temporary possession pending the proceedings* * * * *are not considered the requisite 'possession' which will bar a subsequent application to discontinue.*" (Emphasis supplied.)

ORS 35.100 provides the sole circumstance which the legislature has specified as passing title.

> "Upon the assessment of the damages by the jury, the court shall give judgment condemning the land, right or easement in question to the plaintiff, conditioned upon the plaintiff's paying into court the damages assessed by the jury; *and after the making of such payment the judgment shall become effective to pass title and the right of possession to the plaintiff.*" (Emphasis supplied.)

Thus, plaintiff's occupancy prior to judgment, absent payment of the damages assessed, does not pass title, or vest a right to compensation for taking in defendant.

■ ■ Moreover, the adoption of ORS 35.050 and 35.060[9] indicates that the legislature did not intend interim occupation to constitute a waiver by the condemnor of the right to abandon. ORS 35.050 allows a

---

[9] Oregon Laws 1943, ch 452, § 1.

plaintiff in this type of action to petition the court for occupancy pending the proceedings. See n 1, supra. If this motion is granted, ORS 35.060 provides:

"If the motion for occupancy pending action is granted, the order shall require the plaintiff to execute and file with the clerk a bond, approved by the court, to the defendants, with sureties as otherwise provided by law; the bond to be in such penal sum as may be adjudged, but *in no event less than double the probable value of the premises sought to be condemned, with the damages, if any, which will ensue from condemnation and speedy occupation*; the bond to be payable to the defendants as their respective interests may subsequently appear in the action and to be conditioned for the payment *of the adjudged value of the premises and the damages which will ensue in case the property is condemned in the action,* and for *payment of all damages arising from the occupation before judgment in case the premises are not condemned,* and all costs, disbursements, interest and attorney fees adjudged to the defendants in the action. Evidence as to the finding or judgment of the court regarding the amount of such bond shall not be admissible at the trial." (Emphasis supplied.)

This language indicates an intention that there be a right to abandon the action even if the plaintiff occupied the property pending the proceedings, and we so hold. When the legislature makes use of plain, unambiguous and understandable language, it is presumed to have intended precisely what its words imply, and it is our duty to give effect to these words. *Umatilla County v. City of Pendleton,* 9 Or App 55, 495 P2d 287 (1972).

Cases relied[2] upon by defendant as standing

---

[2] Portland & O. C. Ry. Co. v. McGrath, 88 Or 346, 171 P 1181 (1918); Oregon Elec. Ry. v. Terwilliger L. Co., 51 Or 107, 93 P 334, 93 P 930 (1908).

for a contrary rule were decided prior to the enactment
of ORS 35.050 and 35.060 in 1943 and, therefore, are
not controlling. *Bd. Higher Ed. v. United Presby. Ch.*,
243 Or 352, 413 P2d 428 (1966), also relied upon by
defendant, involved former ORS 366.390 which pro-
vided:

> "At any time after proceedings have been com-
> menced or instituted to acquire title to any real
> property the commission may enter into posses-
> sion of any or all of such real property and make
> use thereof for the purposes for which the same is
> being appropriated. In any case *when the commis-
> sion enters upon any property as provided in this
> Act,* after having brought proceedings to condemn
> such property and acquire the title thereto for the
> purposes authorized by law, *the commission shall
> proceed with all reasonable diligence to carry the
> condemnation proceedings to a final judgment.*
> When the value of the property has finally been
> ascertained judgment therefor shall be entered.
> When the judgment becomes final, the amount
> thereof shall be promptly paid." (Emphasis sup-
> plied.)

The court interpreted this section to mean the con-
demnor (State Highway Commission) waives the right
to abandonment once it enters into possession, which
is the clear import of the statute. This case under-
scores the conclusion that the legislature was aware
of the meaning and effect of the language it used in
ORS 35.060; had it intended to limit the right to
abandonment for condemnation proceedings under
ORS ch 35, it would have employed language similar
to that of ORS 366.390.

 Our above interpretation of ORS ch 35 also
accords with a policy recognized as generally sup-
portive of the condemnor's right of abandonment.

> "In the states in which condemnation is effected

by judicial proceedings it is almost universally held that the mere fact that compensation has been assessed does not prevent a discontinuance of the proceedings. In fact, one of the strongest arguments in favor of this method of exercising the power of eminent domain is that public policy requires the cost of a public improvement to be ascertained before it can be finally determined that it is advisable to undertake the work, and that this cannot be done until the compensation for the land taken has been finally assessed by the jury or other tribunal required by the constitution or statutes. The award in such states is merely an offer which the public agency contemplating the work may accept or decline as it sees fit." 6 Nichols, Eminent Domain 303, 307-308, § 26.42 (3d ed 1965).

The rationale logically applies whether possession pending the proceeding is taken or not: in neither instance is the cost of taking ascertained until the jury assesses damages.[9]

---

[9] In D. & N. O. R. R. Co. v. Lamborn, 8 Colo 380, 383-84, 385, 8 P 582 (1885), the court addressed an argument similar to that made by defendant in the instant case:

"But petitioner cannot know before return of the verdict that the price or damages allowed will be so excessive as to preclude adhering to the original plan adopted. We are therefore of opinion that the return of the award or verdict does not mark a period in the case at which it is too late to draw back; further, we think that, if it did, logically the same effect would be produced, whether possession pending the proceedings were obtained or not. Hence, if such possession operates to prevent abandonment, it should have this effect from the moment it is taken; that is to say, under the view urged by counsel for respondent, by electing to avail himself of the statute in this regard, petitioner should be held to forfeit the right to abandon at any time after obtaining possession in pursuance of such election, save upon consent of respondent.

"* * * * *.

"* * *[W]e are disposed to hold that under the law petitioner retains the right to abandon, even though he procures a statutory order for possession, and takes the same pending proceedings * * *."

■ The $1,500 plaintiff deposited with the court after the first jury verdict cannot be deemed to have vested a right to compensation in defendant since that verdict was "in all things reversed" by this court, leaving the amount of damages unascertained. Plaintiff is not barred from abandoning this action.

■ Defendant argues this produces a harsh result because ORS 35.105 only provides limited reimbursement for attorney fees and expenses, with no mention of costs or damages incurred by defendant due to plaintiff's occupation pending the action. Defendant's relief is not so limited.

The legislature specifically provided for protection of a defendant's interests during a condemnation action by requiring a plaintiff to post a bond no less than

> "* * * double the probable value of the premises sought to be condemned, *with the damages,* if any, *which will ensue from* condemnation and *speedy occupation*; the bond to be * * * conditioned for the * * * payment of *all damages arising from the occupation before judgment* in case *the premises are not condemned,* and all costs, disbursements, interest and attorney fees adjudged to defendant in the action * * *." (Emphasis supplied.) ORS 35.060.

The legislature has thus recognized defendant's *right* to restitution.[9] That no bond was posted in the case at bar, by stipulation of the parties, does not nullify the

---

[9] It is logical that the legislature recognized that there is a right to restitution, in a case like this, stemming from the Oregon Constitution, Art I, § 18:

"Private property shall not be taken for public use * * * without just compensation * * *."

The language employed by the legislature in its 1971 amendment of ORS 35.105 refers to defendant's right as one of "restitution." *See* ORS 35.275 (3)(a).

right. We hold that plaintiff may abandon this condemnation action subject to payment to defendant of attorney fees, expenses, and compensation for use of the property, the amounts of which are to be determined by the court on remand.

Reversed and remanded.

**ON PETITION FOR REHEARING**

Roger B. Todd and Flaxel, Todd & Flaxel, North Bend, for the petition.

No appearance *contra*.

Before SCHWAB, Chief Judge, and LANGTRY and THORNTON, Judges.

LANGTRY, J.

In a petition for rehearing the defendant asserts that our opinion erred "* * * in its finding that Plaintiff was in possession of Defendant's premises * * * *only* until Plaintiff filed its Motion to abandon * * *." (Emphasis supplied.) Defendant misconstrues our opinion, adding the word "only," which we did not use. The trial court in its judgment found what we recited—that plaintiff was in possession "* * * until the date of filing of its Election to abandon * * *." The reason it is necessary to correct this misconstruction of our opinion is that accurate reading of the opinion may affect the amount of money to be determined as restitution for use of the property under our remand.

The petition for rehearing is denied.