Argued July 7, reversed September 12, 1969

HARDER, *Appellant, v.* DEPARTMENT OF
FINANCE AND ADMINISTRATION,
*Respondent.*

458 P2d 947

*Howard I. Bobbitt*, Portland, argued the cause and
filed the brief for appellant.

*H. J. Belton Hamilton*, Assistant Attorney General, Portland, argued the cause for respondents. On the brief were G. Dwyer Wilson, Assistant Attorney General, Portland, and Robert Y. Thornton, Attorney General, Salem.

LANGTRY, J.

Plaintiff is the assignee of J. M. Harder Appliances, Inc., which leased certain premises in Portland to the State of Oregon for use as office space for the State Bureau of Labor. The lease was for five years, commencing November 1, 1957. The State Highway Commission commenced action for condemnation of the premises for highway construction purposes on July 11, 1962, and on July 12, 1962, by letter, notified all tenants and plaintiff's assignor that it required possession by August 12, 1962. The Bureau of Labor had already made arrangements to move and was out before August 12, 1962. In spite of the notice, other tenants in the same building continued occupancy and paid plaintiff's assignor rent for their quarters at least until November 1, 1962. The plaintiff's assignor delivered a deed to the Highway Commission and was paid for the property on November 1, 1962. Defendant paid no rent for the period from August 12, 1962, until the termination of the lease on October 31, 1962. After demand for rent for this period was refused, the assignment was made and plaintiff commenced this action to recover $2,964 allegedly due. From a judgment for defendant after trial by the court, this appeal was taken.

The case was tried on a stipulated statement of facts. Exhibit 1, consisting of documents marked A, B,

C, D, 1, 2, 3, 4, 4, 5, 6, 7, 8, 8, 9, 10, 11, 12 and 13, was attached to the stipulated statement and received.

Document C is an option of the property which plaintiff's assignor gave to the Highway Commission, dated August 17, 1962. In the paragraph of the option entitled "6. (Possession)" is the following:

"Unless otherwise provided herein, the State shall have the right to enter upon and take possession * * * upon the execution and delivery of this option * * *."

Further on in the same paragraph is the following:

"The undersigned shall surrender possession of on November 1, 1962 buildings and land improvements not later than ....... days after notice of acceptance by the Highway Commission."

The words "on November 1, 1962" are typed in, the rest is printed form. The printed words "not later than ............. days" are crossed out by typewriting.

The trial court's judgment was based upon a conclusion that there was a "taking" of the whole premises by commencement of the condemnation action on July 11, and the letter notice of July 12 to vacate by August 12. Such a "taking" was viewed as a termination of the relationship of landlord and tenant, extinguishing the obligation to pay rent.

ORS 366.390 provides that the Highway Commission may take possession of property it is authorized to condemn immediately after commencing action. No statute prescribes a procedure for ordering such possession. If a possessor of land subject to such a taking were to challenge the right to possession and refuse to vacate, it cannot be argued that the commission could simply remove him. Rather, due process of law re-

quires that the parties would be subject to a hearing after notice, and an order of the court in which the action was filed, allowing or disallowing possession.[1]

The letter of July 12 from the Highway Commission cannot be viewed as a substitute for such procedure, unless it was acquiesced in by all interested parties. That it was not acquiesced in by all parties is evidenced by the language quoted above from the option executed August 17, 1962, which specifically set the possession date as November 1, 1962. Inasmuch as the termination date of the lease was October 31, 1962, we hold plaintiff is entitled to recover judgment for rent accruing and unpaid before that date, plus interest on each installment from due date until paid.

We have considered the authorities submitted and the arguments of counsel, but we consider the law and facts recited above to be dispositive of the case.

Reversed with directions to enter judgment for plaintiff in the sum of $2,964 with interest as indicated above.

---

[1] Such was the procedure, which was not questioned, in Bd. Higher Ed. v. United Presby. Ch., 243 Or 352, 413 P2d 428 (1966).