Argued November 24, affirmed December 29, 1975, reconsideration
denied January 28, petition for review denied February 10, 1976

CLARKE ET UX, *Appellants, v.* PORT OF
PORTLAND (No. 401-861) (CA 4600), *Respondent.*

543 P2d 1099

*John L. Schwabe* and *Mark H. Wagner,* Portland,
argued the cause for appellants. With them on the

briefs were Souther, Spaulding, Kinsey, Williamson & Schwabe, Portland.

*Donald J. Morgan,* Portland, argued the cause for respondent. With him on the brief were Wood, Wood, Tatum, Mosser & Brooke, Portland.

Before Schwab, Chief Judge, and Langtry and Thornton, Judges.

SCHWAB, C. J.

The trial court ruled that plaintiffs' inverse condemnation complaint failed to state a cause of action.

Plaintiffs alleged that the Port of Portland had adopted a Master Plan for expansion of the Portland Airport under which their property would eventually be condemned; that the Multnomah County Comprehensive Plan was amended to state the plaintiffs' property "is to be acquired pursuant to The Port's Master Plan"; that the Port has in fact "acquired property on both sides of the" plaintiffs' property; that the Port initiated a condemnation proceeding against a portion of plaintiffs' property, but subsequently entered a voluntary nonsuit; and that the Port's Master Plan and related legal and administrative proceedings have received a great amount of publicity.

Inverse condemnation requires a substantial interference with an existing use. *Lincoln Loan v. State Hwy. Comm.,* 21 Or App 689, 536 P2d 450, Sup Ct *review allowed* (1975). Plaintiffs have alleged none. Instead, the essence of plaintiffs' complaint is: "plaintiffs have been prevented from developing the subject real property to its highest and best use or selling it on the open market for that use." We interpret this to mean most monetarily profitable use. If depriving a

property owner of the greatest profit he might get from using or selling his property constitutes inverse condemnation, all zoning and land use planning laws would be jeopardized.

Plaintiffs also alleged:

"Multnomah County, through its Planning Commission and the Director thereof, has consistently and repeatedly expressed to plaintiffs, and publicly, that the subject real property should not and would not be granted any change in zone designation to permit its development to its highest and best use, because the subject property is included in the [Port's] Master Plan * * *."

It is the county governing body, not the Director of the Planning Commission, that has the legal responsibility to make zoning decisions. *Link v. City of Coos Bay,* 23 Or App 648, 543 P2d 1082 (1975). And we fail to see how acts of Multnomah County officials, whoever they are, can give rise to a cause of action against the Port of Portland.

Plaintiffs also alleged:

"* * * [A]n agent of The Port, acting within the course and scope of his employment, stated that The Port was terminating its efforts to acquire plaintiffs' property by purchase or condemnation until plaintiffs were willing to accept the offer of The Port for it. This agent further stated The Port would, however, continue with its activities to acquire, develop and control the entire area surrounding the subject real property and would thereby force plaintiffs herein to accept whatever amount the Port would offer. Plaintiffs would thereby be deprived of any opportunity to sell the subject real property for any price other than that offered by The Port, which offer was and continues to be substantially beneath the fair market value of the property."

It is difficult to understand what facts, as distinguished from opinions and conclusions, are being alleged here. If the allegations are that Port officials may be changing their plans about acquiring plaintiffs' property, the law permits them to do so. *Port of Newport v. Haydon,* 10 Or App 271, 498 P2d 825, Sup Ct *review denied* (1972).

Affirmed.