Argued and submitted September 25, 1981, affirmed in part; remanded in part with instructions February 8, reconsideration denied April 15, petition for review denied May 18, 1982 (293 Or 146)

HASLEBACHER et al,
*Appellants,*
*v.*
BLIVEN et al
*Respondents.*

(No. 115,390, CA 19999)

640 P2d 668

Karol Wyatt Kersh, Salem, argued the cause for appellants. With him on the brief was Karol Wyatt Kersh & Associates, Salem.

Joseph E. Penna, Monmouth, argued the cause and filed the brief for respondents.

Before Gillette, Presiding Judge, and Roberts and Young, Judges.

GILLETTE, P. J.

## GILLETTE, P. J.

This was an action by appellants against the defendant Bliven, personal representative of the estate of Peter S. Haslebacher, deceased, and Stella Haslebacher, widow of the deceased. The complaint alleged causes of action in contract, unjust enrichment and "corporate alter ego." The case was tried to a jury. At the close of the evidence, the trial court granted judgment for defendants on the unjust enrichment and "corporate alter ego" causes and submitted the contract theory to the jury. The jury returned a verdict for plaintiffs for $50,000. Defendants filed a motion for judgment notwithstanding the verdict or, in the alternative, for a new trial on the contract cause of action. The trial court granted a new trial. Plaintiff appeals, assigning as error the court's disposition of each of the three causes of action.

Our review of the record in this case establishes that the trial court's only error lay in granting a new trial. In fact, the record discloses no evidence sufficient to permit plaintiffs to prevail on their contract claim, *see Lawrence v. Ladd*, 280 Or 181, 570 P2d 638 (1977), and therefore the trial court should have granted judgment n.o.v. Accordingly, pursuant to our authority under Or Const. Art VII (Amended), § 3, we remand the case to the trial court to enter judgment notwithstanding the verdict for defendants on the contract action. In all other respects, the judgment for defendants is affirmed.