Argued and submitted July 30, reversed and remanded with instructions February 13,
reconsideration denied May 1, petition for review denied June 20, 1991 (311 Or 432)

John SCHOONOVER,
*Respondent,*

*v.*

KLAMATH COUNTY, OREGON,
*Appellant.*

(88-165-CV; CA A61567)

806 P2d 156

Michael L. Spencer, Klamath Falls, argued the cause and
filed the brief for appellant.

G. Philip Arnold, Ashland, argued the cause and filed the brief for respondent.

Before Buttler, Presiding Judge, and Rossman and De Muniz, Judges.

DE MUNIZ, J.

## DE MUNIZ, J.

Defendant appeals a money judgment for inverse condemnation in favor of plaintiff, entered after a jury trial. We conclude that the trial court erred when it denied defendant's motion for judgment *n.o.v.* and reverse.

Plaintiff claims that an ordinance, as applied in the form of a condition to development of a proposed subdivision, effected a "temporary regulatory taking" of his property under Article I, section 18, of the Oregon Constitution and the Fifth Amendment to the United States Constitution. We conclude that there was no taking under either provision.

In 1981, the Klamath County Commissioners, as a condition to final approval of plaintiff's application for a proposed subdivision, and in full accordance with ordinances then in effect, required that the tract of land "be annexed into a Fire District for fire protection." Plaintiff attempted to comply with the requirement, but compliance ultimately proved to be a difficult, if not impossible, task. He requested annexation into fire districts but, for various reasons that need not be detailed here, those districts, through no fault of plaintiff, declined his requests. For several years, plaintiff pursued unsuccessful attempts either to comply with the condition or to have it removed. In 1987, the commissioners decided to abandon a successor ordinance that *required*[1] annexation into a fire district. At plaintiff's request, the contested condition was removed at that time.

Plaintiff then filed this action for inverse condemnation, claiming that the condition effected a temporary taking of his property from 1981 to 1987. At the end of plaintiff's case, defendant moved for a directed verdict on the ground that plaintiff had failed to establish that a taking had occurred. The trial court denied the motion. A jury awarded plaintiff substantial damages. Defendant moved for judgment *n.o.v.* on the same ground that had been raised in its motion for directed verdict. *Wampler v. Sherwood,* 281 Or 261, 270, 574 P2d 319 (1978). The trial court denied the motion.

---

[1] The ordinance in effect when plaintiff applied for subdivision approval provided that the county "may" require annexation as a condition to subdivision development. The successor ordinance made annexation mandatory.

**1** A motion for judgment *n.o.v.* should be granted when there is no evidence to support the verdict. *Haslebacher v. Bliven,* 55 Or App 929, 931, 640 P2d 668, *rev den* 293 Or 146 (1982). The issue is whether plaintiff presented any evidence that the condition resulted in a taking of his property within the meaning of either or both of the constitutional provisions cited above. We have reviewed the evidence in the light most favorable to plaintiff, *Package Containers v. Director's,* 270 Or 845, 846, 530 P2d 40 (1974), and conclude that he did not.

Article I, section 18, of the Oregon Constitution provides, in part:

"Private property shall not be taken for public use * * * without just compensation; nor except in the case of the state, without such compensation first assessed and tendered."

The Fifth Amendment[2] to the United States Constitution provides, in part:

"[N]or shall private property be taken for public use, without just compensation."

The Oregon Supreme Court has observed that the "basic thrust" of the two constitutional provisions "is generally the same" but has cautioned that the "criteria" used to determine if a "taking for public use" has occurred within the meaning of the Oregon Constitution "are not necessarily identical to those pronounced from time to time by the United States Supreme Court under the fifth amendment." *Suess Builders v. City of Beaverton,* 294 Or 254, 259 n 5, 656 P2d 306 (1982).[3]

Oregon courts have recognized that a regulation may effect a taking under Oregon's Constitution if it

"is a step in a plan to acquire the property for public use and denies the owner an economic use of the property pending its eventual acquisition. *See Suess Builders, supra,* 294 Or at 257-61; *Fifth Avenue Corp. v. Washington Co.,* 282 Or 591,

---

[2] The Just Compensation Clause of the Fifth Amendment is made applicable to the states through the Due Process Clause of the Fourteenth Amendment. *Webb's Fabulous Pharmacies, Inc. v. Beckwith,* 449 US 155, 160, 101 S Ct 446, 66 L Ed 2d 358 (1980).

[3] In *Cereghino v. State Highway Com.,* 230 Or 439, 445, 370 P2d 694 (1962), the court said that the two provisions "are identical in language and meaning."

581 P2d 50 (1978)." *Dunn v. City of Redmond,* 303 Or 201, 205, 735 P2d 609 (1987).

Nothing in the record suggests, even remotely, that Klamath County imposed the contested condition as a step in a plan to acquire the property for public use. It merely regulated the private use of land by requiring annexation into a fire district as a condition to the development of the property as a subdivision.

In *Clarke v. Port of Portland,* 23 Or App 730, 543 P2d 1099 (1975), *rev den* (1976), the complaint alleged that the government had refused to rezone and that the plaintiffs had been prevented from developing their real property to its highest and best use or selling it on the open market for that use. In affirming the court's dismissal of the complaint for failure to state a claim, we interpreted those allegations to mean that the government's refusal to rezone precluded the plaintiffs from the "most monetarily profitable use" of their property. We said:

> "If depriving a property owner of the greatest profit he might get from using or selling his property constitutes inverse condemnation, all zoning and land use planning laws would be jeopardized." 23 Or App at 731.

Plaintiff's case boils down to a claim that his inability to comply with the condition and the county's refusal to remove it for a period of six years precluded him from using the property for what he believed to be its highest and best use, the development of a subdivision. As we observed recently:

> "Inconvenience, reduction in profits or depreciation in the value of property that occurs as a result of a legitimate exercise of the state's police power is *damnum absque injuria* and not a compensable taking." *Gruner v. Lane County,* 96 Or App 694, 697, 773 P2d 815 (1989).

The application of the ordinance in the form of a condition to the development of plaintiff's subdivision was clearly a proper exercise of the police power. It did not preclude plaintiff from use and enjoyment of the property in any number of other uses consistent with its zoning. He is seeking consequential damages for his loss of income due to his inability to comply with the condition. There was no taking under the Oregon Constitution on these facts.

■      We reach the same conclusion under the federal constitution.[4] We begin by observing that the nexus between the government's goal, fire protection for residents of subdivisions, and the means of achieving that goal, placing a condition on the development of subdivisions by requiring their annexation into fire districts, is self evident. *Nollan v. California Coastal Commission,* 483 US 825, 107 S Ct 3141, 97 L Ed 2d 677 (1987). The fact that the policy turned out to be impracticable or impossible with respect to plaintiff's property does not mean that the government effected a taking of the property while the regulation was in effect. As we observed in the discussion under the state constitution, plaintiff remained able to use his property for any number of uses consistent with its zoning. He simply was denied the opportunity to develop it as a subdivision. That is not a "taking of property for public use" within the meaning of the Fifth Amendment.[5]

The court erred by failing to allow defendant's motion for judgment *n.o.v.* We reverse and, pursuant to our authority under Art VII (amended), section 3, remand with instructions to enter judgment for defendant.

Reversed and remanded with instructions to enter judgment for defendant.

---

[4] If a regulation is found to effect a temporary taking of property for public use, the Fifth Amendment requires the government to pay just compensation. *First Lutheran Church v. Los Angeles County,* 482 US 304, 107 S Ct 2378, 96 L Ed 2d 250 (1987).

[5] Given our disposition of the appeal, we need not address defendant's remaining assignments of error.