**Scott A. WOOD, Plaintiff–Appellant,**

v.

**THURSTON COUNTY, Defendant–Appellee.**

No. 02–35757.

D.C. No. CV–02–05159–FDB.

United States Court of Appeals,
Ninth Circuit.

Submitted April 7, 2003.*

Decided April 16, 2003.

Before RYMER, KLEINFELD and FISHER, Circuit Judges.

MEMORANDUM**

Scott A. Wood appeals pro se the district court's judgment dismissing, for lack of subject matter jurisdiction, Wood's action alleging that the County violated his constitutional rights by denying him a building permit. We have jurisdiction under 28 U.S.C. § 1291. We review de novo, *Brady v. United States*, 211 F.3d 499, 502 (9th Cir.2000), and we affirm.

The district court properly dismissed Wood's claim that Thurston County violated his right to be free from an uncompensated regulatory taking and his rights to due process and equal protection, because Wood failed to seek compensation through state remedies, and failed to establish that state remedies would be inadequate. *See*

*Austin v. City and County of Honolulu*, 840 F.2d 678, 680 (9th Cir.1988) (takings claims are not ripe for federal court review until the plaintiff establishes that the state failed to remedy the alleged violation); *Traweek v. City and County of San Francisco*, 920 F.2d 589, 593–94 (9th Cir.1990) (ripeness requirement that applies to takings claims also applies to claims for denial of substantive due process, equal protection, and procedural due process).

We do not consider issues Wood raised for the first time in his reply brief. *See Medical Lab. Mgmt. Consultants v. Am. Broad. Cos.*, 306 F.3d 806, n. 8 (9th Cir. 2002).

**AFFIRMED.**

---

* The panel unanimously finds this case suitable for decision without oral argument and denies Wood's request for oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.