Don JONES; VJ–2 Development,
Inc., an Oregon corporation,
Plaintiffs–Appellants,

v.

CITY OF McMINNVILLE, OREGON,
an Oregon municipal corporation,
Defendant–Appellee.

No. 05–35523.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted March 8, 2007.

Filed May 9, 2007.

John W. Shonkwiler, Esq., Law Offices, Tigard, OR, for Plaintiffs–Appellants.

James P. Martin, Esq., Marjorie A. Speirs, Esq., Kari A. Furnanz, Esq., Hoffman Hart & Wagner, LLP, Portland, OR, for Defendant–Appellee.

Before: GOULD, PAEZ, and RAWLINSON, Circuit Judges.

## MEMORANDUM *

Don Jones and VJ–2 Development, Inc. ("Appellants") appeal the district court's

---

* This disposition is not appropriate for publica- tion and is not precedent except as provided

denial of their motion to remand and grant of summary judgment to the City of McMinnville ("City"). We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm. Because the parties are familiar with the background of this case, we do not recite it here.

### 1. Motion to Remand

Appellants argue that their federal claims were unripe, and, therefore, that the district court should have dismissed these claims without prejudice, declined to exercise supplemental jurisdiction over the remaining state claims, and remanded the case to Oregon state court.

We review de novo a district court's denial of a motion to remand. *Harris v. Bankers Life & Cas. Co.,* 425 F.3d 689, 692 (9th Cir.2005). We also "subject ripeness issues to de novo review." *Traweek v. City and County of San Francisco,* 920 F.2d 589, 593 (9th Cir.1990). We conclude that the district court properly denied Appellants' motion to remand. Because five of Appellants' claims arose under federal law, the City properly removed the case to federal court. Further, because at least three of these federal claims were ripe, the district court properly declined to dismiss those claims and retained supplemental jurisdiction over Appellants' state law claims, which were also ripe.

■ Under the two-prong test set forth by the Supreme Court in *Williamson County Regional Planning Commission v. Hamilton Bank of Johnson City,* 473 U.S. 172, 105 S.Ct. 3108, 87 L.Ed.2d 126 (1985), Appellants' federal takings claim was not ripe:

> Under *Williamson,* an as-applied takings claim is ripe only if the plaintiff can establish that (1) "the government entity charged with implementing the regulations has reached a final decision re-

garding the application of the regulations to the property at issue," and (2) the claimant has sought "compensation through the procedures the State has provided for doing so."

*Carson Harbor Vill., Ltd. v. City of Carson,* 353 F.3d 824, 826 (9th Cir.2004) (quoting *Williamson,* 473 U.S. at 194, 105 S.Ct. 3108).

The parties agree that the City issued numerous final decisions, such that Appellants' claims satisfy *Williamson's* first prong, but Appellants concede that they have not sought just compensation for the alleged taking through available state procedures under Oregon law, which allows for inverse condemnation actions. *See Dodd v. Hood River County,* 59 F.3d 852, 859–61 (9th Cir.1995). Thus, their federal takings claim was not ripe under *Williamson's* second prong, and the district court properly dismissed it without prejudice.

■ However, as the district court properly concluded, Appellants' state law takings claim was ripe. Under Oregon law, Appellants' state law takings claim is an action for inverse condemnation. *See Vokoun v. City of Lake Oswego,* 335 Or. 19, 56 P.3d 396, 400–01 (2002). Thus, Appellants sought compensation through the available state procedure for obtaining relief, exactly as *Williamson* requires. Contrary to Appellants' argument, *Williamson's* second prong does not mandate that available state law remedies be pursued in state court. *Cf. Macri v. King County,* 126 F.3d 1125, 1129–30 (9th Cir.1997) (holding that the district court properly remanded appellants' state law inverse condemnation claim, not because it was unripe, but because the court did not abuse its discretion in declining to exercise supplemental jurisdiction after dismissing all of appellants' federal claims); *Sinclair*

by Ninth Cir. R. 36–3.

*Oil Corp. v. County of Santa Barbara,* 96 F.3d 401, 408 (9th Cir.1996) (holding that the district court properly dismissed appellant's state law inverse condemnation claim as unripe because it was barred under *Williamson's first* prong).

Appellants' federal and state equal protection and procedural due process claims, and state law substantive due process claim, were also ripe. We have held that "the final decision requirement [of *Williamson's* first prong] is applicable to substantive due process and equal protection claims brought to challenge the application of land use regulations, and is most likely applicable to related procedural due process claims." *Hoehne v. County of San Benito,* 870 F.2d 529, 532 (9th Cir.1989) (citations omitted). However, we have limited *Williamson's* second prong to takings claims and their equivalents. *See Sinclair,* 96 F.3d at 405.

■ Here, Appellants' equal protection claims, alleging that the City "intentionally treated [them] differently from others similarly situated" by "exten[ding] public facilities" to similar parcels of land, are not mere reformulations of their federal takings claim. Likewise, to the extent Appellants set forth cognizable procedural due process claims, and a cognizable state law substantive due process claim, they are distinct from their federal takings claim.

Lastly, as explained below, it is immaterial whether Appellants' federal substantive due process claim was ripe or not, because the claim was barred under *Armendariz v. Penman,* 75 F.3d 1311 (9th Cir.1996). In sum, the district court properly declined to remand Appellants' case to state court. Although Appellants' federal takings claim was not ripe, their federal procedural due process, equal protection, and antitrust claims were ripe, and, hence, the district court properly declined to dismiss those claims and exercised its discretion to maintain supplemental jurisdiction over Appellants' state law claims, which were also ripe.

## 2. Abstention

■ Because we can resolve Appellants' remaining claims without addressing doubtful issues of state law, the district court did not abuse its discretion in declining to exercise *Pullman* abstention. *See Smelt v. County of Orange,* 447 F.3d 673, 681–82 (9th Cir.2006).

First, contrary to Appellants' argument, there is no unresolved issue of state law regarding the alleged conflict between the City's Charter Amendment, which allows the City's voters to veto proposed annexations, and Oregon's land use statutes, which require the City to comply with certain land use goals in making land use decisions. As the Oregon Court of Appeals has held:

> The decision by a city or other governing body that *proposes* an annexation is an act of planning that must comply with the land use laws; however, the subsequent acts that are necessary to *finally adopt or reject* the proposal, generally a popular vote under the ORS chapter 222 procedures, are not controlled by or subject to the land use laws.

*Bear Creek Valley Sanitary Auth. v. City of Medford,* 130 Or.App. 24, 880 P.2d 486, 489 (1994) (emphases in original).

Second, although the Oregon courts have not expressly resolved the issue, it is doubtful that the state courts would veer from federal antitrust law and adopt a "conspiracy exception" to municipal immunity from state law antitrust claims. The Supreme Court firmly rejected such an exception to federal antitrust law in *City of Columbia v. Omni Outdoor Advertising, Inc.,* 499 U.S. 365, 374–79, 111 S.Ct. 1344, 113 L.Ed.2d 382 (1991), and, as we have previously noted:

The Oregon antitrust statutes are almost identical to the federal antitrust statutes. *Compare* 15 U.S.C. §§ 1, 2 *with* Or.Rev.Stat. §§ 646.725, 646.730. In fact, Oregon courts look to federal antitrust decisions for "persuasive" guidance in interpreting the state antitrust laws. *See Willamette Dental Group, P.C. v. Oregon Dental Serv. Corp.*, 130 Or.App. 487, 882 P.2d 637, 640 (1994) (citing Or.Rev.Stat. § 646.715(2)). *Oregon Laborers–Employers Health & Welfare Trust Fund v. Philip Morris Inc.*, 185 F.3d 957, 963 n. 4 (9th Cir.1999). Indeed, Oregon has adopted by statute the same test for municipal immunity applied by the federal courts. *See Pre–Hosp. Med. Servs., Inc. v. Malheur County*, 134 Or.App. 481, 896 P.2d 585, 592 (1995) (citing Or.Rev.Stat. § 646.740). Also, the Oregon state courts have not mentioned the potential exception despite finding municipal immunity in a number of antitrust cases since *City of Columbia. See, e.g., id.*

### 3. Motion to Strike

▪ Appellants also argue that the district court erred by granting the City's motion to strike, in part, an affidavit from Appellant Jones. We review for an abuse of discretion a district court's grant of a motion to strike. *Hambleton Bros. Lumber Co. v. Balkin Enters., Inc.*, 397 F.3d 1217, 1224 n. 4 (9th Cir.2005).

Because Jones' affidavit contradicted his deposition testimony and made conclusory allegations without establishing personal knowledge, the district court did not abuse its discretion in granting the City's motion to strike portions of the affidavit.

### 4. Summary Judgment

We review de novo a district court's order granting summary judgment to determine whether, viewing the evidence in the light most favorable to the non-moving party, any genuine issue of material fact exists and whether the court correctly applied the relevant substantive law. *F.T.C. v. Gill*, 265 F.3d 944, 954 (9th Cir.2001).

#### a. *Antitrust Claims*

▪ The district court properly dismissed Appellants' antitrust claims. A municipality is immune from federal antitrust liability where its actions restricting competition are authorized by state policy. *See City of Columbia*, 499 U.S. at 370, 111 S.Ct. 1344. We apply a two-part test "to determine whether a 'clearly articulated' state policy has authorized a municipality's anticompetitive actions." *Traweek*, 920 F.2d at 591. "First, a court must determine whether the legislature authorized the challenged actions of the city. Second, the court must determine whether the legislature intended to displace competition with regulation." *Id.* at 591–92. Here, the district court properly reviewed the relevant state statutes and correctly determined that they grant municipalities broad authority to engage in comprehensive land use planning, zoning, and annexation. *See* Or.Rev.Stat. §§ 195–197, 222. Further, Oregon requires municipalities to make land use decisions in compliance with a state-acknowledged plan. *See id.* § 197.175(2). The State has acknowledged the City's Land Use Plan, which expressly prohibits urban development of land not annexed to the City and precludes the City from extending urban services to such unincorporated land.

In light of these state policies, the City was entitled to immunity from Appellants' federal antitrust claim: the State authorized the City to make annexation decisions and limit urban development and services to annexed land, and anti-competitive conduct is a foreseeable result of this broad grant of land use planning authority. *See Traweek*, 920 F.2d at 593.

For the same reasons, the district court properly dismissed Appellants' state law

antitrust claims. As noted, Oregon's antitrust statutes are identical to the federal antitrust statutes, Oregon's test for municipal immunity is the same as the federal test, and Oregon's courts look to federal antitrust law for persuasive guidance in interpreting state antitrust law.[1]

### b. *State Law Takings Claim*

■ The district court also properly dismissed the Appellant's state law takings claim. Article I, section 18 of Oregon's constitution provides that "Private property shall not be taken for public use ... without just compensation." On facts very similar to the instant case, the Oregon Court of Appeals held that a regulation may constitute a taking under the State constitution if it "is a step in a plan to acquire the property for public use and denies the owner an economic use of the property pending its eventual acquisition." *Schoonover v. Klamath County*, 105 Or. App. 611, 806 P.2d 156, 158 (1991).

Here, there is no evidence that the City's regulations are "a step in a plan to acquire [Appellants'] property for public use." *See id.* ("Nothing in the record suggests, even remotely, that Klamath County imposed the contested condition as a step in a plan to acquire the property for public use. It merely regulated the private use of land by requiring annexation into a fire district as a condition to the development of the property as a subdivision."). *Cf. Suess Builders Co. v. City of Beaverton*, 294 Or. 254, 656 P.2d 306, 310 (1982) ("The issue in this case, however, arises from a governmental plan to acquire private land for public ownership.").

### c. *Equal Protection Claims*

We agree with the district court that Appellants' equal protection claims are largely time barred, and that the City did not intentionally discriminate against Appellants by denying their request to extend urban services to their unannexed property.

Because the statute of limitations for federal constitutional claims under 42 U.S.C. § 1983 is determined by the forum state's statute of limitations for personal injury actions, Appellants' federal equal protection claim is subject to a two-year statute of limitations. *See Sain v. City of Bend*, 309 F.3d 1134, 1139 (9th Cir.2002) ("Oregon's two-year statute of limitations for personal injury actions applies to actions under 42 U.S.C. § 1983.") (citing Or. Rev.Stat. § 12.110(1)). Appellants' state law equal protection claim is also subject to a two-year statute of limitations. *See Medo–Bel Creamery, Inc. v. State By and Through Kunzman*, 65 Or.App. 614, 673 P.2d 537, 542–43 (1983). Thus, the district court correctly determined that Appellants' equal protection claims are time barred to the extent they are based on the City's denials of their annexation proposals from 1995 to 2001, but are not time barred insofar as they allege injury from the City's denial of their request to extend urban services in 2003.

Appellants' timely claims, however, are without merit. The parties agree that the analysis of Appellants' equal protection claims is the same under state and federal law. Appellants argue that they are members of a "class of one." We have held that, although a "successful equal protec-

---

1. Appellants also argue that the "sham exception," which the Supreme Court has recognized in certain antitrust cases, precludes immunity. However, the Court has not recognized this exception in the context of state or municipal immunity, known as *"Parker"* immunity; it has only recognized the exception in the context of *"Noerr–Pennington"* immunity, which applies to private parties and is based on distinct, First Amendment considerations. *See City of Columbia*, 499 U.S. at 380, 111 S.Ct. 1344.

tion claim may be brought by a class of one, the plaintiff still bears the burden of proving that she has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." *Thornton v. City of St. Helens,* 425 F.3d 1158, 1167 (9th Cir.2005) (internal quotation marks omitted).

 Appellants provide no evidence that the City intentionally discriminated against them in refusing to extend services to their unannexed property. Appellants allege that the City "approved extraterritorial extension of public facilities and services to property owned by [another private developer] and the McMinnville School District." Viewed in the light most favorable to Appellants, however, the record demonstrates only that the City considered extending services outside of city limits in order to support property already annexed to the City. Therefore, even assuming the City decided to extend services to these other property owners, Appellants were not similarly situated. In any event, the City had a rational basis for treating Appellants differently: the City's voters rejected each of Appellants' annexation proposals that the City Council had approved.

#### d. *Due Process Claims*

To the extent Appellants set forth a cognizable procedural due process claim, it is based exclusively on the City's and the voters' denials of Appellants' annexation proposals; Appellants do not allege that the City denied them procedural due process in rejecting their request to extend services in 2003. Because the statute of limitations analysis for Appellants' due process claims is the same as for their equal protections claims, Appellants' procedural due process claim is time barred. *See Medo–Bel Creamery,* 673 P.2d at 542–43.

Further, federal substantive due process claims are barred where the claimant could seek equivalent relief under constitutional provisions that provide more specific guarantees. *See Armendariz,* 75 F.3d at 1318–20; *see also Macri,* 126 F.3d at 1130 ("[A] more general substantive due process claim cannot be brought if the claim is based on governmental conduct which implicates an enumerated constitutional right."). We have broadly applied *Armendariz* in actions involving takings. *See, e.g., Buckles v. King County,* 191 F.3d 1127, 1137 (9th Cir.1999) ("[A] plaintiff is precluded from asserting a substantive due process claim instead of, or in addition to, a takings claim."). Also, we have clarified that these substantive due process claims should be dismissed with prejudice. *See Sinclair,* 96 F.3d at 407 ("[T]he district court should amend its order to reflect that this count is dismissed with prejudice."). Because Appellants' federal substantive due process claim merely restates their takings and equal protections claims, the district court properly dismissed the claim with prejudice.

Finally, to the extent it is not time barred, the district court properly dismissed Appellants' state law substantive due process claim, for the same reasons it dismissed Appellants' equal protection claims.

#### e. *Civil Rights Claims*

Appellants argue that they are entitled to relief for alleged civil rights violations claims only if they prevail on their other claims. In light of our disposition of Appellants' other claims, we also conclude that the district court properly dismissed their civil rights claims.

**AFFIRMED.**

RAWLINSON, Circuit Judge, concurring:

I concur in the result.