**NOT FOR PUBLICATION**

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

FELIX MENDELSON,

          Plaintiff-Appellant,

  v.

SAN MATEO COUNTY,

          Defendant-Appellee.

No.   23-15494

D.C. No. 3:20-cv-05696-AGT

MEMORANDUM*

Appeal from the United States District Court
for the Northern District of California
Alex G. Tse, Magistrate Judge, Presiding

Argued and Submitted July 10, 2024
San Francisco, California

Before: FRIEDLAND, MENDOZA, and DESAI, Circuit Judges.

Plaintiff-Appellant Felix Mendelson appeals from the district court's

dismissal of his Fourth Amendment seizure claim and Fifth Amendment takings

claim against Defendant-Appellee San Mateo County. The district court held that

Mendelson's claims were not ripe for federal court review because the County's

regulations do not categorically prohibit development of Mendelson's land and the

---

    *    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

County did not issue a *de facto* final decision denying his development proposal. We have jurisdiction over Mendelson's appeal under 28 U.S.C. § 1291; we review de novo a dismissal for lack of ripeness, *see Dodd v. Hood River County*, 59 F.3d 852, 857 (9th Cir. 1995); and we affirm the district court's decision.

The Fifth Amendment's Takings Clause "prohibits the government from taking private property for public use without just compensation." *Palazzolo v. Rhode Island*, 533 U.S. 606, 617 (2001). Federal courts should not consider the merits of takings claims like Mendelson's, however, unless they are ripe for adjudication. *See Pakdel v. City & County of San Francisco*, 594 U.S. 474, 475 (2021) (per curiam). Regulatory takings claims ripen when there is "no question" about how the "regulations at issue" will "apply to the particular land in question." *Id.* at 478 (quotation marks omitted) (quoting *Suitum v. Tahoe Reg'l Plan. Agency*, 520 U.S. 725, 739 (1997)).

1. We agree with the district court that the County's regulations do not categorically preclude development of Mendelson's land. Although Mendelson alleges that his land falls within a defined riparian corridor subject to the County's development restrictions under its Local Coastal Program ("LCP"), that assertion is belied by his complaint. As he concedes, riparian-corridor boundaries are both approximate and mutable, and specific analysis is required to determine whether the riparian corridor includes part or all of Mendelson's property.

2

But even crediting Mendelson's assertions, the County's LCP alone cannot serve as the County's final decision for a takings challenge. The County has discretion under § 30010 of California's Coastal Act to waive its LCP's development restrictions to avoid an unconstitutional taking. *See McAllister v. Cal. Coastal Comm'n*, 87 Cal. Rptr. 3d 365, 385 (Ct. App. 2008); *Felkay v. City of Santa Barbara*, 276 Cal. Rptr. 3d 322, 329 (Ct. App. 2021) (holding that § 30010 gives counties discretion to either (1) deny a development permit and pay just compensation for a taking or (2) grant the permit with conditions that mitigate the development's deleterious environmental impacts). We thus decline Mendelson's invitation to construe the County's LCP as categorically barring his development. Doing so would strip the County of its ability to interpret, apply, or waive its LCP restrictions, as permitted under California law.

2.    Mendelson also fails to allege facts demonstrating that there is "no question" about how the County's regulations will apply to his land based on his informal request to the County. *See Pakdel*, 594 U.S. at 478. "[B]ecause a plaintiff who asserts a regulatory taking must prove that the government regulation has gone 'too far,' the court must first know how far the regulation goes." *See id.* at 479 (quoting *MacDonald, Sommer & Frates v. Yolo County*, 477 U.S. 340, 348 (1986)) (cleaned up). Likewise, "a landowner may not establish a taking before a land-use authority has the opportunity, using its own reasonable procedures, to

3

decide and explain the reach of a challenged regulation." *Palazzolo*, 533 U.S. at 620. Mendelson has not applied for a development permit or provided the information the County would need to give him a final decision, nor has he adequately alleged that it would be futile to do so. *See Traweek v. City & County of San Francisco*, 920 F.2d 589, 594 (9th Cir. 1990). To say the least, "avenues still remain for the government to clarify or change its decision." *Pakdel*, 594 U.S. at 480.

Although Mendelson claims that he requested a "takings analysis" from the County,[1] he does not allege how he sent that request, to whom he sent that request, or what that request contained—including, even, what he hoped to build on his land. Mendelson's complaint, therefore, does not establish that the County has "committed to a [final] position." *Id.* at 479. Treating his approach as enough would contravene the *Pakdel* Court's admonition that, for ripeness purposes, a plaintiff must demonstrate that he has "'been injured by the Government's action' and is not prematurely suing over a hypothetical harm." *Id.* (quoting *Horne v.*

---

[1] To buttress his theory, Mendelson proffers a printout of the County's website, which states that "[a]ny intention to proceed with an application for development that would run counter to any of [the LCP's] policies must first be throughly [sic] reviewed by the Community Development Director and County Counsel." Our law precludes us from considering such materials, which are extrinsic to the complaint, not incorporated by reference, and were not raised before or considered by the district court. *See Cooper v. Pickett*, 137 F.3d 616, 622 (9th Cir. 1998).

4

*Dep't of Agric.*, 569 U.S. 513, 525 (2013)).[2] So we affirm the district court's dismissal on this basis too.

**AFFIRMED.**

---

[2] Mendelson did not seek leave to amend before the district court or our court, so we do not consider it. *See Miller v. Fairchild Indus., Inc.*, 797 F.2d 727, 738 (9th Cir. 1986) (noting that appellate courts do not "consider matters on appeal that are not specifically and distinctly argued in appellant's opening brief"). We note, however, that when questioned about amendment at oral argument, Mendelson failed to identify any facts he would add that would change our ripeness analysis.